1  Richard Morin (SBN 285275)
2  Law Office of Rick Morin, PC
   500 Newport Center Drive Suite 610
3  Newport Beach, CA 92660
   Phone: (949) 996-3094
4  Email: legal@rickmorin.net
5
   Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charis Burrett,<br><br>        Plaintiff,<br>   v.<br><br>Cassidy's Bar & Grill, Inc.,<br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Charis Burrett ("Plaintiff") alleges the following:

### INTRODUCTION

Plaintiff brings this action against Defendant Cassidy's Bar & Grill, Inc. ("Cassidy's Bar & Grill, Inc.") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff equal access to Cassidy's Bar & Grill at 2605 Newport Boulevard in Newport Beach, California ("Cassidy's Bar").

### PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Cassidy's Bar & Grill, Inc. is a California Corporation with its principal place of business in Newport Beach, California. At all times relevant to this complaint, Cassidy's Bar & Grill, Inc. owned, managed, operated, and/or otherwise was responsible for Cassidy's Bar located at 2605 Newport Boulevard in Newport Beach, California.

//

---

1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Cassidy's Bar is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from a disability and/or medical condition that is a disability.

8. Among other things, Plaintiff suffers from post-traumatic stress disorder, anxiety, and panic attacks.

9. Plaintiff has been considered disabled since she was young.

10. Plaintiff utilizes a service dog to help address the challenges resulting from Plaintiff's disability, which Plaintiff deals with on a daily basis.

11. Plaintiff's service animal is specifically trained to alert Plaintiff. For instance, Plaintiff's service animal will get Plaintiff's attention when she's having a panic attack, gets unfocused, or is hyperventilating. Plaintiff's service animal directs Plaintiff's attention to itself and off whatever is aggravating Plaintiff. Plaintiff's service animal is trained to start barking and will get in her face during an episode. The dog is trained to lick her face until she starts focusing on her.

12. Because of Plaintiff's disabilities, Plaintiff can get very confused and thrown off in public. The service animal is trained to ground and calm Plaintiff.

13. Without the service animal, during a panic attack, Plaintiff would get nauseated, dizzy, and possibly have to seek medical treatment.

14. Plaintiff has had this service animal for a year.

15. On November 5, 2022, Plaintiff visited Cassidy's Bar located at 2605 Newport

Boulevard in Newport Beach, California to get some food with several friends after a funeral.

16. Cassidy's Bar & Grill, Inc. completely denied Plaintiff entry to the bar solely because of the presence of her service animal.

17. Plaintiff patiently tried to explain that her dog was a working service animal, but Cassidy's Bar & Grill, Inc.'s employees did not care.

18. In fact, Cassidy's Bar & Grill, Inc.'s employees specifically told Plaintiff that it did not matter that her dog was a service animal: Cassidy's Bar & Grill, Inc.'s rule is no dogs of any nature whatsoever.

19. Plaintiff offered Cassidy's Bar & Grill, Inc.'s employee service animal paperwork, and the employee refused.

20. The employee said that Plaintiff was <u>not</u> going into the business with the service animal.

21. The manager of the business then came out to address Plaintiff.

22. The manager reiterated that no service dogs are allowed into the business.

23. A bouncer then approached Plaintiff with her service animal and merely said "nope," no service dogs are allowed into the bar.

24. Defendant's employees were all incredibly nasty and aggressive.

25. Cassidy's Bar & Grill, Inc.'s conduct is egregious because its discrimination was open and intentional.

26. Cassidy's Bar & Grill, Inc. completely and totally denied Plaintiff access to the restaurant because of her service animal.

27. Plaintiff hopes that Cassidy's Bar & Grill, Inc. will cease its illegal discriminatory conduct in the future so that she can visit with her service animal without fear of discrimination

### FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

28. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

29. Title III of the ADA bans disability discrimination against an individual in places of

public accommodation.

30. Cassidy's Bar is a public accommodation.

31. Cassidy's Bar is a restaurant, bar, or other establishment serving food or drink

32. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

33. Cassidy's Bar & Grill, Inc. has a policy that restricts and denies access to patrons like Plaintiff.

34. Cassidy's Bar & Grill, Inc.'s conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

35. As a result of Cassidy's Bar & Grill, Inc.'s conduct, denying Plaintiff equal access to Cassidy's Bar, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to Cassidy's Bar.

36. It is readily achievable for Cassidy's Bar & Grill, Inc. to provide Plaintiff and other disabled people like Plaintiff full and equal access to Cassidy's Bar.

37. Cassidy's Bar & Grill, Inc. does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

38. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, or attempt to patronize Cassidy's Bar, in light of Cassidy's Bar & Grill, Inc.'s conduct.

39. Cassidy's Bar & Grill, Inc.'s acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

40. Plaintiff seeks injunctive relief as to Cassidy's Bar & Grill, Inc.'s inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

41. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

42. Cassidy's Bar is a public accommodation that Cassidy's Bar & Grill, Inc. owns, manages, and/or operates.

43. Cassidy's Bar & Grill, Inc. denied and interfered with Plaintiff's ability to access Cassidy's Bar.

44. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled from full and equal access to Cassidy's Bar. Such acts and omissions are the cause of mental and emotional suffering for Plaintiff.

45. Plaintiff wishes to return to utilize what Cassidy's Bar has to offer but is substantially deterred from returning to Cassidy's Bar because the lack of access and the significant policy barriers will foreseeably cause Plaintiff further difficulty, discomfort and embarrassment, and Plaintiff is unable to achieve equal access to and use of these public facilities, so long as such acts and omissions of Cassidy's Bar & Grill, Inc. continues.

46. Plaintiff seeks injunctive relief as to Cassidy's Bar & Grill, Inc.'s inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

47. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Cassidy's Bar & Grill, Inc., Plaintiff has suffered a violation of Plaintiff's

civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental, and emotional personal injuries.

48. Cassidy's Bar & Grill, Inc.'s actions and omissions constitute discrimination against Plaintiff on the basis that Plaintiff was and is disabled and unable, because of the policy barriers created and/or maintained by Cassidy's Bar & Grill, Inc. in violation of the subject laws, to use the facilities on a full and equal basis as other persons.

49. Plaintiff has been damaged by Cassidy's Bar & Grill, Inc.'s wrongful conduct.

50. At all times herein mentioned, Cassidy's Bar & Grill, Inc. was fully aware that significant numbers of potential users of the public facilities were, are, and will be disabled persons, and would have need of facilities that complied with California Title 24 and ADA Standards for Accessible Design standards for accessible facilities.

51. Despite this knowledge, Cassidy's Bar & Grill, Inc. installed and maintained the policy barriers complained of, failed to remove these unlawful policies, and failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.

52. Plaintiff believes Cassidy's Bar & Grill, Inc. has ignored complaints about the lack of proper disabled access by other disabled persons.

53. Cassidy's Bar & Grill, Inc. has continued the illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize Cassidy's Bar and encounter illegal policy barriers which deny them full and equal access when they do so.

54. At all times herein mentioned, Cassidy's Bar & Grill, Inc. knew, or in the exercise of reasonable diligence should have known, that the practices at Cassidy's Bar violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but Cassidy's Bar & Grill, Inc. has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. Plaintiff alleges that an award of statutory treble damages is appropriate.

55. Cassidy's Bar & Grill, Inc.'s conduct also violated the ADA.

56. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Cassidy's Bar & Grill, Inc.'s behavior was intentional. Plaintiff believes Cassidy's Bar & Grill, Inc. was aware and/or was made aware of the duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. Cassidy's Bar & Grill, Inc.'s establishment of their discriminatory policy denying access to disabled persons to safely have full and equal access to Cassidy's Bar, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights.

57. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Cassidy's Bar & Grill, Inc. make the facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

58. Plaintiff suffered damages as described as a result of Cassidy's Bar & Grill, Inc.'s violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to Cassidy's Bar. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, 54.3, and 55, including treble damages.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

59. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

60. Cassidy's Bar & Grill, Inc. intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to Cassidy's Bar.

61. Cassidy's Bar is a business establishment.

62. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

63. Cassidy's Bar & Grill, Inc.'s acts and omissions as specified with regard to the

discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

64. Plaintiff was harmed.

65. Cassidy's Bar & Grill, Inc.'s conduct was a substantial factor in causing Plaintiff's harm.

66. Cassidy's Bar & Grill, Inc.'s conduct violated the ADA.

67. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

68. Plaintiff also seeks to enjoin Cassidy's Bar & Grill, Inc. from violating disabled persons' rights.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Cassidy's Bar & Grill, Inc. to cease discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages and at least a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54.3, and 55, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: November 22, 2022

Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff